IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S ) <br> LIBYAN ARAB JAMAHIRIYA ) <br> 2600 Virginia Avenue, N.W., Suite 705 ) <br> Washington, DC  20037-1925 ) <br>            ) <br>            Plaintiff,    ) <br>            ) <br> vs.          ) <br>            ) <br> DISTRICT OF COLUMBIA ) <br> WATER AND SEWER AUTHORITY ) <br> 5000 Overlook Avenue, S.W. ) <br> Washington, DC  20032 ) <br>            ) <br>    Serve:    ) <br>            ) <br>      Jerry N. Johnson ) <br>      General Manager ) <br>      5000 Overlook Avenue, S.W. ) <br>      Washington, DC  20032 ) <br>            ) <br>            Defendant.  ) | Case Number: _____ |

**PLAINTIFF LIBYAN GOVERNMENT'S
MOTION FOR A PRELIMINARY INJUNCTION
PREVENTING DEFENDANT WASA FROM DENYING SERVICE AT
PLAINTIFF'S WYOMING AVENUE PROPERTY**

**Expedited Hearing Requested**

Plaintiff Great Socialist People's Libyan Arab Jamahiriya [hereinafter "Libyan Government"], by and through its attorneys, J.P. Szymkowicz, John T. Szymkowicz and the Law Firm of Szymkowicz & Szymkowicz, LLP, respectfully requests that this Honorable Court grant the instant motion for a preliminary injunction preventing Defendant District of Columbia Water and Sewer Authority [hereinafter "WASA"] from denying water and sewage service at the Libyan Government's property located at 2201

Wyoming Avenue, N.W., Washington, DC pursuant to F. R. Civ. P. 65 and Local Civil Rule 65.1 for the following reasons:

## Background

1. Plaintiff Libyan Government owns property located at 2201 Wyoming Avenue, N.W., Washington, DC.

2. Due to the diplomatic situation between the U.S. and Libyan Governments for the last twenty years, the Libyan Government was not able to occupy this property until recently.

3. During this period of time, some "squatters" unlawfully gained possession of the Wyoming Avenue property and fraudulently established water and sewage service with Defendant WASA.

4. When the Libyan Government regained the right to occupy the Wyoming Avenue property in the past year, they attempted to have Defendant WASA reconnect water and sewage service at the Wyoming Avenue property.

5. Defendant WASA refused to reconnect service to this property because of a bill in the amount of approximately $27,710.46 that Defendant WASA claims is owed for past water and sewage service used at the Wyoming Avenue property.

6. The Libyan Government believes that it is not responsible for any of the amount claimed by Defendant WASA since these services were provided, if at all, not to the Libyan Government or anyone associated with the Libyan Government, but rather to squatters who illegally occupied the property and fraudulently established water and sewage using the name of a non-existent entity - "United Kingdom of Lybia [sic]" that ceased to exist once the Great Socialist People's Libyan Arab Jamahiriya was founded.

7. Along with the instant motion, the Libyan Government has filed a motion requesting permission to place the entire disputed amount ($27,710.46) in the Court Registry pending final resolution of this matter.

## Argument

**I. THE LIBYAN GOVERNMENT'S MOTION FOR PRELIMINARY INJUNCTION PREVENTING DEFENDANT WASA FROM DENYING WATER AND SEWAGE SERVICE AT ITS WYOMING AVENUE PROPERTY SHOULD BE GRANTED.**

The Libyan Government's motion for a preliminary injunction preventing Defendant WASA from denying water and sewage service at its Wyoming Avenue property should be granted pursuant to F. R. Civ. P. 65 and Local Civil Rule 65.1 since it will suffer immediate and irreparable injury if the water and sewage service is not reinstated pending trial and since Defendant WASA will not suffer any damages due to the fact that the Libyan Government has requested permission to deposit the entire disputed amount in the Court Registry pending final resolution of this matter. In the District of Columbia, the relationship between a utility and its customer is contractual. Jackson v. Public Service Commission, 590 A.2d 517, 521 (D.C. 1991). Therefore, there is a contractual basis in the instant case for the Court to enter an order for a preliminary injunction.

In Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977), the court held that the Court may grant a preliminary injunction if the moving party demonstrates that: (1) the movant is likely to succeed on the merits of their claims; (2) the moving party will suffer irreparable harm if relief is not granted; (3) other parties will not suffer substantial harm if relief is granted; and (4) the public interest will be advanced by the provision of preliminary relief. It is likely that the

3

Libyan Government will prevail on the merits of their claims as stated in their complaint since it is clear sanctions imposed by the United States Government prevented the Libyan Government from occupying the Wyoming Avenue property during the time the water and sewage services claimed by Defendant WASA were allegedly used by the squatters. Furthermore, the Embassy of the United Arab Emirates (who managed the Libyan Government's affairs in the United States during the sanction period) attempted to protect the property from these squatters by taking the legal steps required to evict these trespassers and also by hiring a plumber to disconnect the water and sewage service at the Wyoming Avenue property. It is also clear that the Libyan Government will suffer irreparable harm if water and sewage services are not reinstated in the very near future since without such services, there is no way that it can re-occupy the property or even begin reconstruction work on the property.

Next, there is no way that Defendant WASA can suffer any harm if this preliminary injunction is granted since the Libyan Government will place the entire amount in dispute ($27,710.46) in the Court Registry pending final resolution of this matter. Therefore, if the Libyan Government successfully proves at trial that it is not responsible for the squatters' water bill, then Defendant WASA would not have suffered any harm since the Libyan Government had no obligation to pay this bill. Alternatively, if the Court finds that the Libyan Government is responsible for the squatters' water bill, then Defendant WASA simply needs to withdraw the deposited funds from the Court Registry in order to be made whole.

Finally, the public interest favors such a preliminary injunction since it is in the national interest to have good diplomatic relations with Libya and since it is difficult and

4

expensive for the Libyan Government to function diplomatically from leased office space and rented homes considering the fact that it owns property that can be used for these purposes at less cost.

Wherefore, Plaintiff Great Socialist People's Libyan Arab Jamahiriya respectfully requests that this Honorable Court grant the instant motion for a preliminary injunction preventing Defendant District of Columbia Water and Sewer Authority [hereinafter "WASA"] from denying water and sewage service at the Libyan Government's property located at 2201 Wyoming Avenue, N.W., Washington, DC

                                        Respectfully submitted,

                                        /s/_____
                                        J.P. Szymkowicz (#462146)
                                        John T. Szymkowicz (#946079)
                                        SZYMKOWICZ & SZYMKOWICZ, LLP
                                        1220 19th Street, N.W., Suite 400
                                        Washington, DC  20036-2438
                                        (202) 862-8500 (voice)
                                        (202) 862-9825 (fax)

                                        Attorney for Plaintiff Great Socialist People's
                                        Libyan Arab Jamahiriya

**Certificate of Service**

     I hereby certify that, in addition to being served upon Defendant WASA's designated agent, Linda Manley, via personal service, a pdf copy of the foregoing motion was emailed on August 1, 2006 to Defendant District of Columbia Water and Sewer Authority's counsel, Meena Gowda, Esquire, who has an office in WASA's headquarters located at 5000 Overlook Avenue, S.W., Washington, DC  20032.  Ms. Gowda's email address is mgowda@dcwasa.com.  Ms. Gowda's direct telephone number is (202) 787-2628.  In addition, I alerted Ms. Gowda via telephone on August 1, 2006 that I emailed this motion to her.

                                        /s/_____
                                        J.P. Szymkowicz (#462146)

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| GREAT SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case Number: _____ ) |
| DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF LIBYAN GOVERNMENT'S**
**MOTION FOR A PRELIMINARY INJUNCTION**

Upon consideration of Plaintiff Great Socialist People's Libyan Arab Jamahiriya motion for a preliminary injunction preventing Defendant District of Columbia Water and Sewer Authority from denying water and sewage service at the Libyan Government's property located at 2201 Wyoming Avenue, N.W., Washington, DC, any response thereto, it is hereby ordered that such motion is GRANTED. It is further ordered that Defendant WASA reinstate water and sewage service at this property as soon as possible.

_____                    _____
Date                              JUDGE
                                  United States District Court
                                  for the District of Columbia

cc:
J.P. Szymkowicz (#462146)          Meena Gowda, Esquire
SZYMKOWICZ & SZYMKOWICZ, LLP       5000 Overlook Avenue, S.W.
1220 19th Street, N.W., Suite 400  Washington, DC  20032
Washington, DC  20036-2438         (202) 787-2628 (voice)
(202) 862-8500 (voice)             (202) 787-2254 (fax)
(202) 862-9825 (fax)               mgowda@dcwasa.com
jp@szymkowicz.com

Attorney for Plaintiff Great Socialist People's    Attorney for Defendant WASA
Libyan Arab Jamahiriya